48339. BEBEE et al. v. AETNA LIFE INSURANCE COMPANY.

EVANS, Judge. This case involves a bill of interpleader by an insurer upon the death of its insured leaving two major claimants to a $4,000 death benefit. One of the claimants is the mother of two minor children of the deceased. Both claimants answered the bill for interpleader. Claimant Nettie Ruth Bebee contends she is the legal widow of the deceased, John D. Bebee, Mrs. Douglas Ann Bebee, the other claimant, contends she is the

duly named beneficiary, and is the common-law wife of the deceased, and is the mother and guardian ad litem of the two minor children of deceased. The insurer was allowed to be discharged upon payment of the fund into court.

The insurance policy is a group-type life insurance policy of "Laborers Local Union No. 438 Health and Welfare Fund." The insurer's records show a beneficiary designation card filled out in the name of Mrs. Douglas Ann Bebee, as beneficiary, as "wife," and also it lists the survivor children. This card was not signed by the insured.

In answer to a request for admissions, the insurer admitted the named beneficiary, Mrs. Douglas Ann Bebee, would have been entitled to the death benefit had the insured signed the beneficiary designation card; but contended that if no beneficiary has been designated, "payment shall be made to the employee's widow. . . if surviving. . . if not surviving the employee, in equal shares to the employee's children."

Claimant, Mrs. Douglas Ann Bebee, filed a motion for judgment on the pleadings or for summary judgment, based on the pleadings, interrogatories, admissions, as well as her affidavit. She admitted therein she filled out the designation of beneficiary card for the deceased, who could barely read and write, and that he was supposed to have signed before it was mailed in to the insurer. Attached to her affidavit were duly authenticated birth certificates of their two minor children, signed by the deceased as father.

In response, Mrs. Nettie Ruth Bebee swore she was the lawful wife and is the lawful widow by reason of a legal marriage to deceased at the time of his death.

After consideration of the motion, the court denied the motion because material issues of fact remain. *Held:*

Despite the recent case of *Thurmond v. Spoon,* 125 Ga. App. 811 (189 SE2d 92), wherein this court in a divided decision upheld the direction of a verdict in the lower court where the facts were somewhat similar, in this case there are issues of fact as to the true claimant to the funds, and we must affirm the lower court in denying summary judgment.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 5, 1973.

*Moffett & Henderson, F. Glenn Moffett, Jr., John C. Grabbe, IV,* for appellants.